UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRUSTEES OF THE<br>IAM NATIONAL PENSION FUND<br>    Plaintiffs,<br><br>v.<br><br>TOYOTA LOGISTICS SERVICES, INC.<br>    Defendant. | Civil Action No.  21-cv-00931-JDB<br><br>Judge John D. Bates |

**DEFENDANT TOYOTA LOGISTICS SERVICES, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Toyota Logistics Services, Inc. (the "Company"), by and through its counsel, respectfully submits its Answer and Affirmative Defenses to the Complaint brought by the Trustees of the IAM National Pension (the "Fund") as follows:

**I.    INTRODUCTION**

1.    This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to modify and/or vacate the March 22, 2021 arbitration award (the "Award") issued by Arbitrator Mark L. Irvings in favor of the Company and against the Fund in *Toyota Logistics Services, Inc. v. IAM National Pension Fund*, AAA Case No. 01-20-0000-0197 (the "Arbitration").

**ANSWER:**

The Company admits that this action is brought by the Fund under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to modify and/or vacate the March 21, 2021 arbitration award issued by Arbitrator Mark L. Irvings in *Toyota Logistics Services, Inc. v. IAM National Pension Fund*, AAA Case No. 01-20-0000-0197 ("the Arbitration"), but deny that the Fund is entitled to any relief under ERISA or any other law.

2.    The Arbitrator incorrectly concluded that the Fund's actuary should have used the methods and assumptions in effect on December 31, 2017 to calculate the

Company's withdrawal liability, rather than those the actuary adopted three weeks later on January 24, 2018.

**ANSWER:**

The Company admits that the Arbitrator concluded that the Fund's actuary should have used the methods and assumptions in effect on December 31, 2017 to calculate the Company's withdrawal liability from the Fund, but denies that the Arbitrator's ruling was incorrect. The Company denies any remaining allegations in Paragraph 2, including the insinuation that the adoption of a new interest rate retroactively after the applicable measurement date is permissible if adopted within three weeks or at any time after such measurement date.

3. The Arbitrator's conclusion is erroneous as a matter of law because, *inter alia*, the actuary is required by law to calculate withdrawal liability using actuarial methods and assumptions that reflect the actuary's "best estimate," and nothing in the governing statutes, regulations, or binding case law required the Fund's actuary to make that determination by December 31, 2017.

**ANSWER:**

Paragraph 3 contains arguments and conclusions of law to which no response is required. To the extent a response is required, the Company denies the allegations in Paragraph 3. The Company also denies that the applicable interest rate that was retroactively adopted after the applicable measurement date was the actuary's best estimate.

4. In this action, the Trustees seek an order vacating the Award, and reinstating and sustaining the Fund's original assessment of withdrawal liability pursuant to ERISA § 4221(b)(2), 29 U.S.C. § 1401(b)(2).

**ANSWER:**

Paragraph 4 purports to describe the relief sought by the Fund in this action; therefore, no response is required. To the extent a response is required, the Company

admits that the Fund seeks the relief described in Paragraph 4 but denies that the Fund is entitled to any relief under ERISA or any other law.

## II. JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the Company because, pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), it resides and does business within the United States.

**ANSWER:**

The Company admits that this Court has personal jurisdiction over it. The Company denies the remaining allegations in Paragraph 5.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA §§ 4221(b)(2) and 4301(a), 29 U.S.C. §§ 1401(b)(2) and 1451(a).

**ANSWER:**

The Company admits that this Court has subject matter jurisdiction over this matter. The Company denies the remaining allegations in Paragraph 6.

7. Venue is proper in this District pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

**ANSWER:**

The Company admits that venue is proper in this District. The Company denies the remaining allegations in Paragraph 7.

## III. PARTIES

8. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145. The Fund is administered from 99 M Street, S.E., Suite 600, Washington, D.C. 20003-3799.

**ANSWER:**

The first sentence of Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Company admits the allegations in the first sentence of Paragraph 8. Upon information, the Company admits that the Fund is administered at the address stated in Paragraph 8. The Company denies any remaining allegations in Paragraph 8.

9. Plaintiffs are the Trustees of the Fund, and bring this action solely in their capacities as fiduciaries of the Fund pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

**ANSWER:**

Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, the Company admits the Plaintiffs are Trustees of the Fund and that they bring this action under ERISA, but deny that the Fund is entitled to any relief under ERISA or any other law. The Company denies the remaining allegations in Paragraph 9.

10. The Company is a for-profit California corporation having its principal place of business at 785 Edison Avenue, Long Beach, California, 90813.

**ANSWER:**

The Company admits that it is a California for-profit corporation, but denies that its principal place of business is 785 Edison Avenue, Long Beach, California, 90813. The Company's principal place of business is 6565 Headquarters Drive, Plano, TX 75024.

IV.   **FACTUAL BACKGROUND**

11. The Company was a party to certain collective bargaining agreements, pursuant to which it was obligated to remit contributions to the Fund on behalf of those of its employees who performed covered work.

**ANSWER:**

The Company admits that it was a party to certain collective bargaining agreements, pursuant to which it was obligated to remit contributions to the Fund on behalf of certain of its employees who performed covered work, as described under the applicable collective bargaining agreements.

12. As of December 29, 2018, the Company effected a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

**ANSWER:**

Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, the Company admits that it effected a complete withdrawal from the Fund as of December 29, 2018.

13. On June 18, 2019, the Fund notified the Company that it had effected a complete withdrawal from the Fund as of December 29, 2018, and that its allocated share of the of the Fund's unfunded vested benefits was $1,289,384.00, payable in twenty-eight (28) quarterly installments of $56,244.00 and a final payment of $13,945.00 commencing on or before August 13, 2019 (the "Assessment").

**ANSWER:**

The allegations in Paragraph 13 purport to characterize a written document, the terms of which speak for themselves; therefore, no response is required. To the extent a response is required, the Company denies any characterization contrary to the terms of that document.

14. On September 11, 2019, the Company requested a review of the Assessment, which request the Fund denied on November 5, 2019.

**ANSWER:**

The Company admits the allegations in Paragraph 14.

15. On January 2, 2020, the Company timely commenced the Arbitration to challenge the Assessment.

**ANSWER:**

The Company admits the allegations in Paragraph 15.

16.     On March 22, 2021, the Arbitrator issued the Award, in which he determined that the Assessment should have been calculated using the methods and assumptions in effect on December 31, 2017, rather than those that were adopted three weeks later on January 24, 2018. Attached as **Exhibit 1** is a true and correct copy of the Stipulated Facts (including Exhibits A through G) submitted by the parties in the Arbitration, and as **Exhibit 2** is a true and correct copy of the Award.

**ANSWER:**

Defendant admits that the Arbitrator granted the Company's Motion for Partial Summary Judgment in favor of the Company and against the Fund on March 22, 2021. The remaining allegations in the first sentence of Paragraph 16 purport to characterize a written document, the terms of which speak for themselves; therefore, no response is required. To the extent a response is required, the Company denies any characterization contrary to the terms of that document, including the insinuation that the Arbitrator's decision was in error because the adoption of a new interest rate retroactively after the applicable measurement date should be permissible since it was adopted within a short window after, rather than at any time after such measurement date. The Company admits that Exhibit 1 to the Complaint is a true and correct copy of the Stipulated Facts submitted by the Fund and the Company to the Arbitrator (including Exhibits A through G thereto), and that Exhibit 2 to the Complaint is a true and correct copy of Arbitrator Irving's Award.

17.     The Arbitrator concluded that the Fund's actuary was prohibited from applying retroactively actuarial methods and assumptions adopted after the applicable measurement date used to calculate the liability.

**ANSWER:**

The allegations in Paragraph 17 purport to characterize a written document, the terms of which speak for themselves; therefore, no response is required. To the extent a

response is required, the Company denies any characterization contrary to the terms of that document.

18. On the basis of this conclusion, the Arbitrator ordered the Fund to recalculate the withdrawal liability using the methods and assumptions in effect on December 31, 2017, and to refund overpayments (if any) due and owing to the Company.

**ANSWER:**

The allegations in Paragraph 17 purport to characterize a written document, the terms of which speak for themselves; therefore, no response is required. To the extent a response is required, the Company denies any characterization contrary to the terms of that document.

## COUNT I

### Order to Modify/Vacate the Award
### Pursuant to ERISA § 4221(b)(2), 29 U.S.C. § 1401(b)(2)

19. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

**ANSWER:**

The Company restates and incorporates its answers to all prior allegations as though fully set forth herein.

20. Withdrawal liability must be calculated "on the basis of actuarial assumptions and methods which, in the aggregate, are reasonable (taking into account the experience of the plan and reasonable expectations) and which, in combination, offer the actuary's best estimate of anticipated experience under the plan." ERISA § 4213(a)(1), 29 U.S.C. § 1393(a)(1).

**ANSWER:**

Paragraph 20 contains legal conclusions and purports to characterize the terms of ERISA; therefore, no response is required. To the extent a response is required, the Company denies any characterization contrary to the terms of the statute.

21. Withdrawal liability determinations are "presumed correct unless the party contesting the determination shows by a preponderance of the evidence that the determination was unreasonable or clearly erroneous." ERISA § 4221(a)(3)(A), 29 U.S.C. § 1401(a)(3)(A).

**ANSWER:**

Paragraph 21 contains legal conclusions and purports to characterize the terms of ERISA; therefore, no response is required. To the extent a response is required, the Company denies any characterization contrary to the terms of the statute. .

22. Further, the actuary's calculation of withdrawal liability "is presumed correct unless a party contesting the determination shows by a preponderance of evidence that the actuarial assumptions and methods used in the determination were, in the aggregate, unreasonable (taking into account the experience of the plan and reasonable expectations), or the plan's actuary made a significant error in applying the actuarial assumptions or methods." ERISA § 4221(a)(3)(B), 29 U.S.C. § 1401(a)(3)(B).

**ANSWER:**

Paragraph 22 contains legal conclusions and purports to characterize the terms of ERISA; therefore, no response is required. To the extent a response is required, the Company denies any characterization contrary to the terms of the statute. .

23. The Arbitrator committed a clear error of law when he determined that, even though the Arbitration was venued in the D.C. Circuit, the Second Circuit's decision in *National Retirement Fund v. Metz Culinary Management, Inc.*, 946 F.3d 146 (2d Cir. 2020) was binding on the Fund and dispositive of the issues presented in the Arbitration.

**ANSWER:**

The Company denies the allegations in Paragraph 23, including the insinuation that the Arbitrator held that the Second Circuit's decision in *National Retirement Fund v. Metz Culinary Management, Inc.*, 946 F.3d 146 (2d Cir. 2020) was binding on the Fund and dispositive of the issues presented in the Arbitration.

24. The Arbitrator committed a clear error of law when he determined that the actuary was prohibited as a matter of law from using the actuarial methods and assumptions it adopted on January 24, 2018 to calculate the Company's withdrawal liability. Those methods and assumptions were reflected in the Fund's most recent actuarial valuation,

pursuant to ERISA § 4213(b)(1), reflected the actuary's "best estimate," pursuant to ERISA § 4213(a)(1). 29 U.S.C. § 1393(a)(1), (b)(1), and were affirmatively communicated to the Company before it effected a withdrawal from the Fund.

**ANSWER:**

The Company denies the allegations in Paragraph 24, including the allegation that the applicable interest rate that was retroactively adopted after the applicable measurement date was the actuary's best estimate.

25. In requiring the actuary to use stale methods and assumptions that do not in fact reflect the actuary's "best estimate," the Arbitrator committed a clear error of law, and his decision should be vacated.

**ANSWER:**

The Company denies the allegations in Paragraph 25.

26. Plaintiffs demand that the Award be vacated; that an order be entered reinstating the Assessment and requiring the Company to make payments in accordance with the Assessment; and all other relief that the Court may deem just and appropriate.

**ANSWER:**

Paragraph 26 contains legal conclusions and purports to describe the relief sought by the Fund in this action; therefore, no response is required.  To the extent a response is required, the Company denies that the Fund is entitled to any relief under ERISA or any other law.  The Company denies any remaining allegations in Paragraph 26.

**FIRST AFFIRMATIVE DEFENSE**
**(Reservation of Rights to Assert Additional Defenses)**

The Company has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other defenses as additional information become available during discovery proceedings or otherwise.  The Company further reserves the right to amend its Answer and/or defenses accordingly.

WHEREFORE, the Company respectfully requests that this Court enter judgment in favor of the Company and against the Fund and grant the following relief:

1. Affirm the Arbitrator's Award finding that, as a matter of law, the Fund was required to calculate the Company's withdrawal liability using the 7.50% discount rate that was in effect on December 31, 2017, rather than the 6.5% discount rate retroactively adopted and applied by the Fund;

2. Affirm the Arbitrator's Award requiring the Fund to recalculate the Company's withdrawal liability using all actuarial assumptions and methods in effect as of December 31, 2017;

3. Require that the Fund credit all interim installment payments made to date toward the Company's recalculated withdrawal liability, and refund any resulting overpayment with interest at the rates prescribed under PBGC Reg. § 4219.31(d);

4. Award the Company its reasonable costs and attorney's fees as permitted under 29 U.S.C. § 1451(e); and

5. Provide such other and further relief as the Court deems just and proper.

## TOYOTA LOGISTIC SERVICES, INC.'S COUNTER-CLAIM

Counter-Plaintiff, Toyota Logistics Services, Inc. (the "Company" or "Counter-Plaintiff") brings this action against Counter-Defendants Trustees of the IAM National Pension Fund (the "Fund" or "Counter-Defendants") pursuant to the provision of Title IV of the Employer Retirement Income Security of 1974, as amended (ERISA), 29 U.S.C. § 1381 *et seq.*

### JURISDICTION

1. This Court has jurisdiction of this action pursuant to 29 U.S.C. §§ 1401(b)(2) and 1451(c).

### VENUE

2. Venue is appropriate in this judicial district pursuant to 29 U.S.C. § 1451(d).

### PARTIES

3. The Company is a corporation with its principal place of business at 6565 Headquarters Drive, Plano, TX 75024.

4. The Company was a party to certain collective bargaining agreements, pursuant to which it was obligated to remit contributions to the Fund on behalf of those of its employees who performed covered work.

5. The Fund is an employee pension benefit plan within the meaning of Sections 3(2) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(2) and 1132(d)(1)), and a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Fund's Trustees are the plan sponsor of the Fund within the meaning of 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10).

### FACTUAL BACKGROUND

6. The Company completely withdrew from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a), as of December 29, 2018.

7. As of December 31, 2017, the Fund used a 7.5% discount rate to calculate withdrawal liability.

8. In a Trustee meeting held on January 24, 2018, the Fund approved various changes to the methods and assumptions it used to calculate withdrawal liability, including adopting a 6.5% discount rate.

9. By letter dated June 18, 2019, the Fund notified the Company that it had effected a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a), as of December 29, 2018, and that its allocated share of the UVBs as of December 31, 2017 was $1,289,384.00, payable in twenty-eight (28) quarterly installments of $56,244.00 and a final payment of $13,945.00, commencing on or before August 13, 2019 (the "Assessment").

10. The Fund calculated the Company's withdrawal liability using actuarial assumptions and methods adopted in the January 24, 2018 Trustee meeting.

11. By letter dated September 11, 2019, the Company requested a review of the Assessment pursuant to ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A), which request the Fund denied by letter dated November 5, 2019, pursuant to ERISA § 4219(b)(2)(B), 29 U.S.C. § 1399(b)(2)(B).

12. On January 2, 2020, pursuant to ERISA Section 4221(a), 29 U.S.C. § 1401(a), the Company timely commenced an arbitration before Arbitrator Mark L. Irvings (the "Arbitrator"), captioned *Toyota Logistics Services, Inc. v. IAM National Pension Fund*, AAA Case No. 01-20-0000-0197 (the "Arbitration").

13. On March 22, 2021, the Arbitrator issued an Award in the Arbitration (the "Award").

14. The Award stated that, as a matter of law, the Fund was required to use the actuarial assumptions and methods in effect as of the last day of the plan year preceding the year of the Company's withdrawal (the "Measurement Date"); that is, the methods and assumptions in effect as of December 31, 2017.

15. The Award also required that the Fund recalculate the Company's withdrawal liability using the 7.5% discount rate in effect as of the Measurement Date.

## COUNT I

### Order Affirming the Arbitrator's Award

16. ERISA Sections 4211(b)(2)(A)(ii) and (b)(2)(E)(i), 29 U.S.C. §§ 1391(b)(2)(A)(ii) and (b)(2)(E)(i), require that a plan calculate an employer's withdrawal liability as of the Measurement Date.

17. ERISA Section 4213(a)(1), 29 U.S.C. § 1393(a)(1), requires that a plan determine withdrawal liability "on the basis of actuarial assumptions and methods which, in the aggregate, are reasonable (taking into account the experience of the plan and reasonable expectations) and which, in combination, offer the actuary's best estimate of anticipated experience under the plan."

18. The Fund's use of a 6.5% discount rate that was not in effect as of December 31, 2017, the Measurement Date for the Company's withdrawal, was inherently unreasonable and in violation of ERISA Sections 4211 and 4213, 29 U.S.C. §§ 1391 and 1393.

19. The Second Circuit in *Nat'l Retirement Fund v. Metz Culinary Management, Inc.*, 946 F.3d 146 (2d Cir. 2020), affirming the prior decision of Arbitrator Ira Jaffe, adopted a bright-line rule that the actuarial assumptions and methods in effect as of the Measurement Date must be used to calculate a withdrawing employer's withdrawal liability.

20. Arbitrator Irvings held that the attempt by the Plan's actuary and trustees to adopt a lower discount rate after the measurement date, but to make it retroactive to the prior plan year, was unreasonable and improper.

21. In reaching his decision, Arbitrator Irvings appropriately relied on *Metz* as persuasive precedent to find that, as a matter of law, the Fund wrongly applied actuarial methods and assumptions not in effect as of the Measurement Date to calculate the Company's withdrawal liability.

22. In addition to Arbitrator Irvings in the present matter, and Arbitrator Jaffe in the *Metz* decision, at least one other arbitrator has found that a fund cannot retroactively apply actuarial assumptions and methods it adopted after the Measurement Date to calculate an employer's withdrawal liability. *See Ohio Magnetics, Inc. v. IAM National Pension Fund*, AAA Case No. 01-20-0000-1596 (March 8, 2021) (Scheinman, Arb.).

23. Because the Arbitrator, consistent with the Second Circuit and with other arbitrators, correctly recognized that ERISA requires the Fund to calculate the Company's withdrawal liability using the actuarial assumptions and methods in effect as of the Measurement Date, the Arbitration Award should be affirmed and enforced.

WHEREFORE, the Company respectfully requests that this Court enter judgment in favor of the Company and against the Fund and grant the following relief:

1. Affirm the Arbitrator's Award finding that, as a matter of law, the Fund was required to calculate the Company's withdrawal liability using the 7.50% discount rate that was in effect on December 31, 2017, rather than the 6.5% discount rate retroactively adopted and applied by the Fund;

2. Affirm the Arbitrator's Award requiring the Fund to recalculate the Company's withdrawal liability using all actuarial assumptions and methods in effect as of December 31, 2017;

3. Require that the Fund credit all interim installment payments made to date toward the Company's recalculated withdrawal liability, and refund any resulting overpayment with interest at the rates prescribed under PBGC Reg. § 4219.31(d);

4. Award the Company its reasonable costs and attorney's fees as permitted under 29 U.S.C. § 1451(e); and

5. Provide such other and further relief as the Court deems just and proper.

Dated: June 7, 2021                    Respectfully submitted,

s/ *Stephen K. Dixon*
Stephen K. Dixon (DC Bar #1034267)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel.: +1.202.739.5803
Fax: +1.202.739.3001
stephen.dixon@morganlewis.com

*Counsel for Defendant Toyota Logistics Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7, 2021, I caused to be electronically filed **Defendant's Answer, Affirmative Defenses, and Counterclaim** with the Clerk of the Court using the CM/ECF system, which sent notification such filing to the following:

> Anthony S. Cacace, Esq.
> Neil V. Shah, Esq.
> Proskauer Rose, LLP
> 11 Times Square
> New York, NY 10036
> acace@proskauer.com
> nsah@proskauer.com

> _s/ Stephen K. Dixon_
> Stephen K. Dixon